**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No.  09-cv-00947-REB-KMT

MICHAEL DUANE WINDSOR,

    Plaintiff,

v.

DR. MICHAEL DAVID AASEN, and
MS. CATHIE HOLST,

    Defendants.

**ORDER OVERRULING OBJECTIONS TO ORDER
OF THE UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

    The matters before me are (1) plaintiff's **Objection to Defendants' Motion for Extension of Time To Submit Reply Brief** [#32] filed October 19, 2009; (2) objections contained in **Plaintiff Objects to Order Denying Plaintiff Leave To Respond to Defendant Dr. Aasen Supplemented Affidavit** [#42] filed November 11, 2009; and (3) plaintiff's **Letter** [#43] filed December 1, 2009, which includes additional objections to rulings of the magistrate judge.  I overrule all these objections.

    Plaintiff's objections pertain to non-dispositive matters that have been referred to the magistrate judge for resolution.  Under 28 U.S.C. § 636(b) and Fed.R.Civ.P. 72(a), I may modify or set aside any portion of a magistrate judge's order which I find to be clearly erroneous or contrary to law.  Having reviewed the magistrate judge's orders, the apposite motions and responses, and the attendant evidentiary exhibits, I conclude that the magistrate judge's orders are not clearly erroneous or contrary to law.

Plaintiff's objections to the magistrate judge's order granting **Defendant's Motion for Extension of Time To Submit Reply Brief** [#29], filed October 7, 2009, misconstrue the law. Contrary to plaintiff's understanding, the Local Rules of this court expressly contemplate and permit the filing of reply briefs in civil actions. **See D.C.COLO.LCivR.** 7.1C. ("The moving party may file a reply within 15 days after the filing date of the response, or such lesser or greater time as the court may allow."). As the magistrate judge properly found, the reply brief did not raise new claims or issues, but merely supplemented the record with the underlying medical records plaintiff complained were missing from defendants' original evidentiary submission in support of their motion for summary judgment. Because the legal issues before the court already were fully joined, and because the Local Rules do not contemplate the filing of a sur-reply without leave of court, the magistrate judge properly denied plaintiff's request to file a "response" to defendants' reply.

Plaintiff objects also that submission of his medical records by defendants in support of their motion violates his rights to privacy under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. No. 104-191, 110 Stat. 1936. This argument fails for at least two reasons.[1] First, by filing this lawsuit, plaintiff has put his medical condition at issue, and thereby is deemed to have waived any claim of privilege that may exist in his medical records. **See Frye v. Ayers**, 2009 WL 1312924 at *2 (E.D. Cal. May 12, 2009); **Barnes v. Glennon**, 2006 WL 2811821 at *3

---

[1] Moreover, there is no private right of action under HIPAA. **See Howard v. Douglas County Jail**, 2009 WL 1504733 at *3 (D. Kan. May 28, 2009) (citing cases); **University of Colorado Hospital v. Denver Publishing** Co., 340 F.Supp.2d 1142, 1144 -1145 (D. Colo. 2004) (citing cases).

(N.D.N.Y. Sept. 28, 2006); **Ferrell v. Glen-Gery Brick**, 678 F.Supp. 111, 112-113 (E.D. Pa. 1987).  Second, HIPAA expressly contemplates that otherwise protected health information may be disclosed in the course of a judicial proceeding without prior consent of the patient .  **See** 45 C.F.R. § 164.512(e).  **See also Barnes**, 2006 WL 2811821 at *2 n.6.[2]

Finally, I reject plaintiff's unsubstantiated claim that the magistrate judge has showed partiality toward defendants in this action.  Pursuant to 28 U.S.C. § 455, a judge should recuse herself from a case when her participation in the case creates an appearance of impropriety.  **See United States v. Pearson**, 203 F.3d 1243, 1264 (10th Cir.), **cert. denied**, 120 S.Ct. 2734 (2000).  Adverse rulings present a basis for recusal only in the rare instance in which "they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible."  **Liteky**, **v. United States**, 510 U.S. 540, 554, 114 S.Ct. 1147, 1157, 127 L.Ed.2d 474 (1994); **see also United States v. Young**, 45 F.3d 1405, 1415 (10th Cir.), **cert. denied**, 115 S.Ct. 2633 (1995).  The present record does not support such an extraordinary finding.

**THEREFORE, IT IS ORDERED** as follows:

1. That plaintiff's objections as stated in the **Objection to Defendants' Motion for Extension of Time To Submit Reply Brief** [#32] filed October 19, 2009, are **OVERRULED**;

2. That the objections contained in **Plaintiff Objects to Order Denying Plaintiff**

---

[2]  HIPAA does not supersede any state law that imposes requirements, standards, or implementation more stringent than those imposed by HIPAA, **see Barnes**, 2006 WL 2811821 at *2 n.6, plaintiff's reference to § 18-4-412, C.R.S. does not save his objections, as that statute also provides that medical records may be released, *inter alia*, in response to a court order, § 18-4-412(c)(ii), C.R.S.

3

**Leave To Respond to Defendant Dr. Aasen Supplemented Affidavit** [#42] filed November 11, 2009, are **OVERRULED**; and

    3. That the objections contained in plaintiff's **Letter** [#43] filed December 1, 2009, are **OVERRULED**.

    Dated December 18, 2009, at Denver, Colorado.

                                        **BY THE COURT:**

                                        */s/ Robert E. Blackburn*
                                        Robert E. Blackburn
                                        United States District Judge